JOHN PRESCOTT *versus* JACOB CURTIS *&* *als.*

A complaint for flowage, under R. S. of 1841, c. 126, § 6, must contain such a description of the land alleged to be overflowed, and such a statement of the damages caused thereby, as will exhibit in the record with sufficient certainty the matters determined in the suit.

In such complaint, it is not necessary to allege that the lands were overflowed by reason of the head of water made *necessary* for the mills of the respondents.

Nor is it required to allege that the respondents built their dams and mills upon their own land, or upon the land of another with his consent.

The respondent may, by R. S., c. 126, § 9, plead to the complaint, that the complainant has no right or estate in the lands alleged to be flowed; that the respondent has a right to maintain the dam complained of for an agreed price or without compensation; or any other matter which may show that

the complainant cannot maintain his suit; but he cannot plead in bar that the land is not injured by the dam.

The only ground of complaint under the statute is, that the complainant has sustained damage in his lands *by their being overflowed by a mill-dam.*

The issue, whether he has suffered such injury or not, must first be made before the commissioners appointed by the Court. Their report may be impeached; and then this question, with others, if such exist in the case, may be regularly presented to a jury for decision.

The issue presented by a plea in bar, that the lands were not overflowed by reason of the head of water raised by the dam, is virtually the issue, whether the complainant has or has not suffered injury; and must be presented to the commissioners before it can be submitted to a jury.

A prescriptive right to flow lands cannot be acquired, unless it appear that the owner of the lands has suffered injury or sustained damage by the flowing; and such injury or damage must be *proved.*

A plea by respondents, that they had flowed the lands more than twenty years prior to complaint, *doing the same damage, if any,* as during the period covered by the complaint, is peculiar, and embraces an issue to be tried by the commissioners and not by the jury in the first instance.

The complaint, in this case, meets every requirement of the statute, and is sufficient.

On Exceptions from *Nisi Prius,* Cutting, J., presiding.

This was a complaint under R. S. of 1841, for flowing lands.*

It was dated January 9th, 1855, and returnable to the April term of the Court. In vacation, Nov. 23d, 1855, the respondents filed their declaration, that they verily believed they

---

* The complaint in this case was as follows : —

To the Supreme Judicial Court to be holden at Bangor, in and for Penobscot County, on the first Tuesday of April, A. D. 1855.

Complains John Prescott of Hermon, in said county, against Jacob Curtis, Jr., and William L. White and Philander P. Crosby of Hampden, in said county, that said Curtis and White and Crosby, on the last day of October, A. D. 1852, erected and have ever since maintained a water mill, to wit, a saw mill, on the Sowadabscook stream in said Hampden, and a mill-dam upon and across said stream, which is not navigable, to raise water for working said mill, and still maintain said mill and dam; that the lands of your complainant, bounded and described as follows, to wit: Commencing at a point where the Sowadabscook stream crosses the town line between Hampden and Hermon, and running in a westerly direction on said town line one hundred and thirty rods; thence north five degrees east thirty-seven rods; thence north forty-five degrees east two hundred and fifty rods; thence northeasterly about one hun-

had a good defence to the whole of the complainant's claim, and that they intended in good faith to make such defence. Their specifications of defence set out: —

1. That the dam complained of, did not, by the head of water raised thereby, overflow the complainant's land in any degree.

2. That the mill and dam had stood more than twenty years where they then stood, causing the same head of water, and the same damage, if any, to the complainant, without objection on his part.

3. That the respondents had a right to raise such head of water without compensation.

4. That the complainant had no title to the premises alleged to have been flowed.

At the April term of the Court in 1856 the cause came on for a hearing, when the respondents objected to the sufficiency of the complaint and moved that it be dismissed, because it did not contain an allegation that the complainant's land therein described was overflowed by reason of the head of water made necessary to work defendants' mill; and because that the complaint did not allege that the respondents had built their dam and mill therein named upon their own land, or upon the land of another with his consent. Both of these objections the Court overruled.

---

dred and thirteen rods; thence northwesterly about eighty rods; thence easterly forty-five rods to a small pond; thence along the shore of the pond and along the shore of the outlet to said pond, to Wheeler stream; thence along the shore of said Wheeler stream to a pond, and along the shore of the pond and the shore of the outlet to the last pond, to the Sowadabscook stream; thence along the said Sowadabscook stream to the point of starting, according to a plan of said land made by Charles D. Bryant, and dated September 20th, A. D. 1852, have been overflowed by said mill-dam ever since the erection of said mill and dam, and still are overflowed by said dam; and that your complainant has sustained damage in his lands by their being overflowed by said mill-dam, yearly, since the erection thereof, in the sum of one hundred dollars a year. Wherefore he prays this Honorable Court that compensation for damages so sustained by him may be given and awarded to him, according to the provisions of the statute in such cases made and provided.

JOHN PRESCOTT.

The defendants then pleaded in bar, that the complainant's land was not flowed by reason of the head of water raised by the defendants' dam.

Also that they had flowed the plaintiff's land for upwards of twenty years doing the same damage, if any, that had been done within three years last before the date of the complaint.

The two issues presented by the pleadings were, that the plaintiff's land was not flowed by defendants' dam, and a prescriptive right to flow.

The plaintiff introduced a witness whose testimony tended to show that the dam did overflow the plaintiff's land, when the Court ruled that no testimony need be introduced to this point, as the defendants could not in this stage of the case deny the flowage and present that issue to the jury, but must do so, if at all, before the commissioners to be appointed by the Court under the statute.

The plaintiff then rested his case, and the defendants moved a nonsuit, which was overruled by the Court.

The defendants then introduced testimony to show a prescriptive right, and examined a large number of witnesses, from whose testimony it appeared that the mill site was an old one, the first dam and mill having been built before A. D. 1801; that both dam and mill had often been repaired prior to 1852, when the present dam and mill were built upon the old site, the dam having been built nearly new, and the mill thoroughly repaired.

The testimony of these witnesses tended to prove on the part of the defence: —

1st. That the dam built by defendants was not higher than the old one, but of the same height.

2d. That, from the nature of the stream and of its connections with three large ponds, to wit, the George pond, the Hermon or " *Big*" pond, and the Little pond, the position of the plaintiff's land and the height of the water at the dam and above it, as shown in admeasurements made by an engineer, the land of complainant could not be flowed by the dam.

3d. That the meadows upon this stream and these ponds were not flowed any, more since the defendants built their dam than before.

4th. That the water in the Sowadabscook stream and these ponds drained off as readily from the adjacent meadows in times of freshets, since 1852, as before; and generally, that the flowage since 1852 was the same as before that period.

The Judge instructed the jury that the respondents could not have acquired a prescriptive right to flow the complainant's land without the payment of damages, unless the latter had suffered injury or sustained damage by reason of such flowing; and that they were not permitted to infer injury or damage to the complainant, but that such fact must be proved. To these rulings and instructions the respondents excepted.

A verdict was taken for complainant on the last issue, *pro forma;* the Court having intimated, at the suggestion of counsel, what instructions he should give the jury. And the questions of law arising in the cause were reserved in this form.

*A. H. Briggs,* for respondents.

1. The complaint should allege, that the overflowing was occasioned by the head of water which it became necessary to raise, in order to run the mill. Stat. of 1821, § § 1, 2, 3; R. S. 1841, c. 126, § § 1, 6. *Farrington* v. *Blish & al.,* 14 Maine, 423.

2. Defendants had a right to trial by jury of the issue of *flowage.* If not flowed, the plaintiff had no right to damage or appointment of commissioners to assess damage. The injury he is forbidden to plead by statute is not "flowage," but damage arising from flowage. *Farrington* v. *Blish & al.,* before cited; *Axtel* v. *Coombs,* 4 Maine, 322; R. S. & Stat. of 1821, before cited.

3. The instructions of the Court, that the jury could not infer injury and damage, but that the same must be specially proved, were erroneous. Plaintiff alleges and acknowledges injury, by his complaint, for three years prior to its date, and the respondents prove that it had been the same for forty

years.  *Seidensparger* v. *Spear*, 17 Maine, 123; *Hathorne* v. *Stinson & al.*, 12 Maine, 183; same case, 10 Maine, 224.

*A. Sanborn*, for complainant.

1. All the allegations required by the R. S. of 1841, c. 126, are found in the complaint.  The provisions of this statute in this respect, are essentially different from those of the statute of 1821.  *Farrington* v. *Blish & al.*, 14 Maine, 423; Laws of 1821, c. 45.

2. The ruling of the Court that respondents could not, at that stage of the proceedings, deny that the complainant's land was overflowed, but that this was a question for the commissioners, was correct.

The R. S. expressly forbid the plea, that the land is not injured.  The plea put in by the respondents, that the land was not overflowed, was, to all intents, tantamount to a plea that it was not damaged by the flowage.  *Axtell* v. *Coombs*, 4 Maine, 322; Stat. of 1824, c. 261, § 1; R. S. of 1841, c. 126; Statute of Massachusetts of Feb. 9, 1796; Statute of Massachusetts of Feb. 28, 1798.

3. The ruling of the Court upon the subject of prescriptive right is fully sustained by the authorities.  *Seidensparger* v. *Spear*, 17 Maine, 123; *Wentworth* v. *Sanford Man. Co.*, 33 Maine, 547.

TENNEY, C. J. — Under R. S., c. 126, § 6, the complaint shall contain such a description of the land, alleged to be overflowed, and injured, and such a statement of the damage, that the record of the case shall show, with sufficient certainty, the matter which shall have been heard and determined therein. The complaint in this case contains a specific statement of every thing required by this provision.

The Court overruled a motion made by the respondents, to dismiss the complaint, because it is not alleged therein, that the lands described were overflowed, by reason of the head of water, made *necessary* to work the respondents' mills; and because it did not contain the allegation, that the respondents built their dam and mills on their own land, or on land of

another with his consent. Such allegations are not required in terms by the statute of 1841, c. 126, as they were by that of 1821, c. 45. And on an examination and comparison of the two statutes, the change was obviously intended. The motion was properly overruled.

The respondents pleaded in bar, that the complainant's lands were not overflowed, by reason of the head of water raised by the respondents' dam. The Judge ruled substantially, that whether it were so or not, was not an issue, which could be there tried, by the jury; but one, that must be determined by the commissioners to be subsequently appointed by the Court, under the statute, if tried at all.

By R. S., c. 126, § 9, the respondents may plead, that the complainant has no right, title or estate in the lands alleged to be flowed; or that he has a right to maintain such a dam, and flow the lands for an agreed price, or without any compensation; or any other matter, which may show that the complainant cannot maintain his suit; but he shall not plead in bar of the complaint, that the land described therein is not injured by such dam.

The only ground for the complaint under the statute is, that the complainant has sustained damages in his lands *by their being overflowed by a mill-dam*. Sect. 5. If the lands have not been overflowed by the mill-dam alleged in the complaint, they have not been injured by such dam. But the respondent is precluded from pleading that the land is not injured by such dam; consequently, that it was not overflowed thereby.

It is said by the Court, in *Nelson* v. *Butterfield*, 21 Maine, 220, " but there can be no doubt, that it was the intention of the Legislature of this State, to require that defence (that the complainant had not been injured,) to be first made before the commissioners, whose report may be impeached, and this question, among others, may then be regularly presented to a jury for a decision."

The respondents, in another plea, claimed to be exonerated from liability, under an alleged prescriptive right to flow the

lands, described in the complaint, without the payment of damages, which the Judge instructed the jury, could not be acquired, unless it appeared that the complainant had suffered injury or sustained damages by the flowing relied upon to sustain this defence; that such damage must be proved. This principle is well settled by a series of decisions in this State, and affirmed in a recent case. *Underwood* v. *North Wayne Scythe Co.* 41 Maine, 291.

The plea of the respondents, last referred to, is peculiar in its form and character, in this, that it is alleged that they had flowed for upwards of twenty years before the date of the complaint, doing the same damage, if any, that had been done, within the three years, which was the subject of the complaint. Whether damage was done within three years before the origin of the complaint, was not a question to be settled at the trial, by the jury; but the damage for the twenty years and upwards must have been shown absolutely, in order to make out the prescriptive right. *Exceptions overruled.*

HATHAWAY, APPLETON, MAY and GOODENOW, J. J., concurred.